MURDOCK, Justice
(concurring specially).
I concur in the main opinion. I write separately to offer two comments.
First, in reference to footnote 12 of the main opinion, 150 So.3d at 1043-44, I would simply note that the case cited, Ex parte Town of Lowndesboro, 950 So.2d 1203 (Ala.2006), was not a case in which the plaintiffs claim for a declaratory judgment implicated the State’s treasury. Insofar as we reinstate the bail-bond companies’ claim for a declaratory judgment in the present case, the same is true. Compare Ex parte Alabama Dep’t of Transp., 978 So.2d 17, 25 (Ala.2007) (holding that a claim seeking a declaratory judgment should have been dismissed on sovereign-immunity grounds because, among other things, a judgment in favor of the plaintiff would “directly affect a contract right of [the State] and would ‘necessarily open the doors of the State treasury to legal attack’ ” (quoting Lowndesboro, 950 So.2d at 1211)).
Second, in the final paragraph of its “Analysis,” the main opinion considers the defendants’ argument that “‘[e]ven if the circuit court had jurisdiction ..., the judgment should be affirmed because [the] defendants are due to prevail on the merits.’ ” 150 So.3d at 1044.1 do not foreclose the possibility that some of the alternative grounds offered by the defendants in support of the circuit court’s judgment are valid, alternative legal grounds — grounds allegedly entitling the defendants to a judgment as a matter of law based on facts that are not genuinely disputed. Notwithstanding that possibility, I have no objection to returning this case to the circuit *1045 court for it to consider those grounds in the first instance.